Timothy **BOYCE** and Courtney Boyce, Plaintiffs,

v.

**CYCLE SPECTRUM, INC.; AZ Velo Imports, Inc.; CS Velo AZ Inc.; AZ Desert Velo, Inc.; CS Bike, Inc.; CS Velo HT, Inc.; Velo BDBI Support, Inc.; Cycle Support, Inc.; Spratt Cycle Support, Inc.; Windsor America Corporation; and HL Corp (USA), Defendants.**

No. 14–CV–1163.

United States District Court, E.D. New York.

Signed July 14, 2014.

Filed July 15, 2014.

Gary A. Zucker, Zucker & Bennett, P.C., Brooklyn, NY, for Plaintiffs.

Angelantonio Bianchi, Cohen Kuhn & Associates, Richard H. Bakalor, Quirk & Bakalor, New York, NY, Cynthia K. Messemer, George S. Hodges, Paul E. Svensson, Hodges Walsh Messemer & Moroknek LLP, White Plains, NY, for Defendants.

## MEMORANDUM, ORDER, & JUDGMENT

JACK B. WEINSTEIN, Senior District Judge:

## Contents

I. Introduction ................................................184

II. Facts .....................................................184

III. Law ......................................................184
 A. Personal Jurisdiction Generally .......................184
 B. Specific Jurisdiction in New York .....................184
 C. Constitutional Limits on Personal Jurisdiction ........184

IV. Application of Law to Facts ..............................185
 A. Specific Jurisdiction in New York .....................185
 B. Constitutional Limits on Personal Jurisdiction ........186

V. Conclusion .................................................186

## I. Introduction

Plaintiffs sue Defendant HL Corp. (USA), among others, for injuries plaintiff Timothy Boyce he sustained while riding a bicycle. Defendant HL Corp. (USA) moves to dismiss for lack of personal jurisdiction.

For the reasons stated below, the motion is granted.

## II. Facts

On April 25, 2010 plaintiff Timothy Boyce purchased a Windsor Timeline bicycle from bikesdirect.com, a website operated by Velo BDBI from outside New York. *See* Am. Compl. ¶ 36. The bicycle was shipped to his residence in New York from a place outside New York. *See* Pl.'s Aff. in Opp., Ex. B.

In July 2012, plaintiff, a New York resident, was riding the bicycle across the Manhattan Bridge when the handlebar broke, causing him injuries. *See id.* ¶ 51–52.

The alleged manufacturer of the handlebar part is HL Corp (Shenzhen), an organization operating outside of New York. *See* Pl. Mem. in Opp. 3; Def.'s Reply, Ex. A. HL Corp. (USA) (hereinafter "HL") is a California Corporation that sells bicycle parts, sporting goods, and medical equipment manufactured by HL Corp. (Shenzhen), presumably in China. *See* Def.'s Reply Aff. These bicycle components are sold to companies in California, Wisconsin, Minnesota, Florida, and Idaho. *See id.* HL does not sell bicycle parts in New York. It has sold medical equipment in New York in quantities and at a time not yet revealed. *See* Def. HL's Answers ¶ 9. HL does not sell handlebars for the Windsor TimeLine model bicycle used by plaintiff. *See* Def.'s Reply Aff.; Def.'s Reply Mem., Ex. A.

## III. Law

### A. Personal Jurisdiction Generally

"District courts resolving issues of personal jurisdiction must engage in a two-part analysis." *Grand River Enters. Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 165 (2d Cir.2005) (internal quotation marks and ellipses omitted). First, the court looks to the personal jurisdiction law of the forum state and determines whether it is satisfied. *See Metro. Life Ins. C. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996). Once state law is found to confer personal jurisdiction over the defendant, the court determines whether the exercise of personal jurisdiction comports with constitutional due process requirements. *Id.*

There are two traditional foundations for personal jurisdiction in the forum state, New York: general and specific, the latter known as long-arm jurisdiction. *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 15, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiff relies on specific jurisdiction. *See* Pl.'s Opp. Mem. 7.

### B. Specific Jurisdiction in New York

Plaintiff supports its claim for jurisdiction by subsection 302(a)(3)(ii) of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."), which provides specific personal jurisdiction over a non-domiciliary that "expects or should reasonably expect [its actions] to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y.C.P.L.R. 302(a)(3)(ii). Establishing jurisdiction under this subsection requires satisfaction of five elements: "(1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce." *Penguin Grp. (USA) Inc. v. Am. Buddha,* 609 F.3d 30, 35 (2d Cir.2010). In the instant case, the parties dispute the fourth element.

### C. Constitutional Limits on Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment "protects a person without meaningful ties to the forum state from being subjected to binding judgments within in its jurisdiction." *Metro. Life Ins. C. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.

1996). To decide whether this requirement is met, courts analyze two factors: (1) minimum contacts; and (2) reasonableness. *Id.* An inquiry into minimum contacts asks "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 164 (2d Cir.2010). The second component, reasonableness, involves consideration of "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'-that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Id.*

"The import of the 'reasonableness' inquiry varies inversely with the strength of the 'minimum contacts' showing—a strong (or weak) showing by the plaintiff on 'minimum contacts' reduces (or increases) the weight given to 'reasonableness.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 129 (2d Cir.2002) (citations omitted). For example, "[a]ssuming that a constitutional threshold of contacts has been demonstrated, fewer contacts may be necessary where the 'reasonableness' factors weigh heavily in favor of an exercise of jurisdiction." *City of New York v. A–1 Jewelry & Pawn, Inc.,* 247 F.R.D. 296, 335 (E.D.N.Y. 2007) (citing *Metro. Life Ins. Co.,* 84 F.3d at 568).

## IV. Application of Law to Facts

### A. Specific Jurisdiction in New York

■ Plaintiff claims that the court has specific jurisdiction under C.P.L.R. 302(a)(3)(ii) because HL should have expected that New York residents would purchase bikes outfitted with its products. *See* Pl.'s Opp. Mem. He does not directly rely on HL's sales of medical equipment at some time in New York. Defendant responds that it has no distribution or sales agreements for bicycle parts in New York, had no knowledge or expectation that its customers would sell bicycle products containing its parts to individuals in New York, and has not established any contact with New York. *See* Def.'s Mem.

There is no HL contact with New York supporting a finding of specific jurisdiction. Bicycles are generally limited, unlike cars, to local use. Expansion of jurisdiction to this case would exceed New York statutory limits.

Foreign and out-of-state manufacturers have been held amenable to product liability suits after their products were distributed to New York through third parties and caused injury within the State. In those cases, the defendants had distribution or sales agreements with its customers that gave rise to the reasonable expectation that its product would be used in New York. *See, e.g., La Marca v. Pak–Mor Mfg. Co.,* 95 N.Y.2d 210, 214–16, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000) (Texas manufacturer of rear-loading device subject to specific jurisdiction based on agreement with New York-based distributor that sold device to plaintiff's employer); *see Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 242–44 (2d Cir.1999) (Japanese manufacturer of hot stamping press subject to specific jurisdiction based on targeting North American market generally, including New York, with its products through an "exclusive sales rights agreement" with a Pennsylvania distributor).

In the instant case, HL did not enter into any distribution or sales agreements with its customers leading to an expectation that its product would be sold to or used by a person in New York. Def. Reply Mem. 1, 3; *Id.,* Ex. D.

The allegations and conceivable facts are insufficient to establish specific jurisdiction under New York law. *See Kernan,* 175 F.3d at 241 ("The 'reasonable expectation' test . . . is not satisfied by '[t]he mere likelihood that a product will find its way into the forum state. . . .' ") (quoting *Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd.,* 978 F.Supp. 520, 523 (S.D.N.Y.1997)); *see also Yash Raj Films (USA) Inc. v. Dishant.com LLC,* 2009 WL 4891764 (E.D.N.Y.2009) ( [T]he Second Circuit requires "a discernible effort [by the defendant] to directly or indirectly serve the New York market.") (quoting *Kernan,* 175 F.3d at 241).

## B. Constitutional Limits on Personal Jurisdiction

 Even if plaintiff could show specific jurisdiction under New York law, the case would still warrant dismissal on due process grounds. Plaintiff's theory is that defendant established the requisite minimum contacts with New York by placing its goods into the national stream of commerce. *See* Pl.'s Mem. in Opp. 10–12.

In a recent opinion, a plurality of the Supreme Court addressed this argument: "The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign.... [A]s a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, —— U.S. ——, 131 S.Ct. 2780, 2788, 180 L.Ed.2d 765 (2011) (plurality opinion). Concurring in the opinion, Justice Breyer explained that jurisdiction is lacking when:

> there is no " 'regular ... flow' or 'regular course' of sales in [the State]; and there is no 'something more,' such as special state-related design, advertising, advice, marketing, or anything else.... And [defendant has not] 'purposefully avail[ed] itself of the privilege of conducting activities' within [the State], or that it delivered its goods in the stream of commerce 'with the expectation that they will be purchased' by [the State's] users."

*Id.* at 2792 (Breyer, J. concurring) (citations omitted).

Plaintiff has failed to allege facts sufficient to establish minimum contacts. Absent are any arrangements with companies incorporated or doing business in New York to sell bicycle parts or bicycles containing their parts in New York. HL did not target the New York market. *See id.,* at 2788 ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum.") (plurality opinion).

## V. Conclusion

For the foregoing reasons, defendant HL Corp. (USA)'s motion to dismiss due to lack of personal jurisdiction is granted.

SO ORDERED.